UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| EUGENE SCALIA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>NEW LEAF ADOLESCENT CARE, INC.<br>and MILTON RIVERS, an individual,<br>Defendants. | FILE NO.<br>3:19CV617-GCM |

## CONSENT JUDGMENT

This Consent Judgment resolves a civil action filed in this Court by Patrick Pizzella, Acting Secretary of Labor, U.S. Department of Labor (hereinafter "the Secretary") to enforce the provisions of Sections 6 and 7 of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA" or "the Act"), 29 U.S.C. §§ 206 and 207, against New Leaf Adolescent Care, Inc and Milton Rivers, individually. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendant New Leaf Adolescent Rivers, Inc. and Milton Rivers (hereinafter "Defendants"), their agents, servants, employees, and all persons in active concert or participation with them who receive actual notice hereof, are permanently enjoined from violating the provisions of the FLSA in any of the following manners:

    1. They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of

goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

2. They shall not, contrary to §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed, unless such employee qualifies for an exemption from overtime pursuant the applicable provision of the statute.

3. Defendants are hereby restrained from withholding back wages in the total amount of $15,761.64, which are due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Order, Defendants shall by November 30, 2019, deliver to the individuals identified in Schedule "A" attached hereto the amounts which are set forth in Schedule "A" according to the attached payment schedule listed on Schedule "B". Defendants will distribute such amounts to the named employees or to their personal representatives, less all legally mandated deductions, including income tax and the employee's share of F.I.C.A.[1] The remaining amounts shall be paid in full by January 31, 2020 according to

---

[1] Defendants may attempt to distribute funds by mailing payment to the individual's last known address. If, within 30 days of making any payment listed on Schedule B, Defendants have not received proof of payment in the form of a signed WH-58 and a cashed check from each individual to whom payment was sent, Defendants shall contact the Wage and Hour Division at the contact information above to discuss the status of any outstanding payments.

the attached payment schedule listed on Schedule "B". Within 30 days of making such payments, Defendants will provide Plaintiff proof of such payment in the form of Forms WH-58 signed by each individual to whom said amounts have been paid, as well as a copy of the check or money order in which each amount was paid:

> Richard Blaylock
> U.S. Department of Labor
> Wage and Hour Division
> 4407 Bland Rd, Suite 260
> Raleigh, NC 27609

For any individuals listed on Schedule "A" and "B" to whom Defendants unable to deliver the payments set out on Schedules "A" and "B" hereto within the time required herein, Defendants shall, within 30 days of such date, deliver to the United States Department of Labor, Wage and Hour Division, 61 Forsyth Street, S.W., Room 7M40, Atlanta, Georgia 30303, certified or cashier's checks or money orders made payable to such individuals or "Wage and Hour Division--Labor," for the net amount due after appropriate deductions for income tax and the employee's share of F.I.C.A. Plaintiff, thereupon, shall distribute said payments to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts.

In the event of default by the Defendants in the payment of any of the above-recited installments or the installments listed on Schedule "B", the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

Each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This 18th day of November.

*Graham C. Mullen*
THE HONORABLE
UNITED STATES DISTRICT JUDGE

SCHEDULE "A"

| EMPLOYEE | PERIOD FROM TO | BACK WAGES |
|---|---|---|
| Ager, Orlando | 08/02/14-03/21/15 | $1,127.53 |
| Bethea, Shauntea | 01/04/14-04/05/14 | $109.95 |
| Crowder, Victoria | 08/02/14-03/21/15 | $732.47 |
| Gee, Rachel | 01/04/14-01/03/15 | $810.72 |
| Hagan, Terrance | 06/30/12-07/04/15 | $1,823.25 |
| Hall, Gilbert | 09/01/12-03/07/15 | $5,657.58 |
| Jones, David | 01/05/13-01/03/15 | $2,820.50 |
| Kilgore, Shaquanna | 01/05/13-12/06/14 | $1,765.25 |
| Marsh, Jamal | 08/03/13-10/04/14 | $333.04 |
| Newbill, Teresa | 11/03/12-07/04/15 | $581.35 |
| | TOTAL | **$15,761.64** |

**Schedule B**

| Name | Amount Due November 30, 2019 | Amount Due January 31, 2020 |
|---|---|---|
| Orlando Ager | $563.76 | $563.76 |
| Shauntea Bethea | $54.97 | $54.97 |
| Victoria Crowder | $366.23 | $366.23 |
| Rachel Gee | $405.36 | $405.36 |
| Terrance Hagan | $911.62 | $911.62 |
| Gilbert Hall | $0 | $5,657.58 |
| David Jones | $1410.25 | $1410.25 |
| Shaquanna Kilgore | $882.62 | $882.62 |
| Jamal Marsh | $166.52 | $166.52 |
| Teresa Newbill | $290.67 | $290.67 |